UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN ANTHONY,

                                Plaintiff,

        -against-

THE CITY OF NEW YORK, et al.

                              Defendants.

**ANSWER**

12-CV-4662 (FB)(SMG)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

        Defendants City of New York and the New York City Police Department, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint and further state that the allegation that unidentified defendants were acting "under color of state laws" is a conclusion of law, not an averment of fact, to which no response is required.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint except admit that plaintiff purports to invoke the pendant, pendant party, and supplementary jurisdiction of the Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint except admit that plaintiff lay venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal entity organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the New York City Police Department ("NYPD") is an agency of the City of New York.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint and further state that the allegation that defendant Doe 1 was acting "in the course and scope of his employment" is a conclusion of law, not an averment of fact, to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint except states that the allegation that defendant Doe 1 was acting "in the scope of his employment" is a conclusion of law, not an averment of fact, to which no response is required, and admit that plaintiff purports to proceed as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint and further state that the allegation that defendant Doe 2 was acting "in the course and scope of his employment" is a conclusion of law, not an averment of fact, to which no response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint except state that the allegation that defendant Doe 2 was acting "in the scope of his employment" is a conclusion of law, not an

averment of fact, to which no response is required, and admit that plaintiff purports to proceed as stated therein.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint and further state that the allegation that defendant Doe 3 was acting "in the course and scope of his employment" is a conclusion of law, not an averment of fact, to which no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint except state that the allegation that defendant Doe 3 was acting "in the scope of his employment" is a conclusion of law, not an averment of fact, to which no response is required, and admit that plaintiff purports to proceed as stated therein.

15. Paragraph "15" of the complaint sets forth a conclusion of law, rather than any averments of fact, to which no response is required.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint except admit that a document purporting to be a Notice of Claim was received by the New York City's Comptroller's office on or about December 20, 2011 and that the claim has not been adjusted.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that the City maintains a police department known as the New York City Police Department, and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD") and the duties and functions of the NYPD.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Paragraph "22" of the complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

23. Paragraph "23" of the complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

24. Paragraph "24" of the complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

25. Paragraph "25" of the complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

26. Paragraph "26" of the complaint sets forth conclusions of law, rather than any averments of fact, to which no response is required.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complain.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint except states that the allegations that

unidentified defendant officers were acting "as employees, agents or servants of defendant City" is a conclusion of law, rather than an averment of fact, to which no response is required.

29. Deny the allegations set forth in paragraph "29 of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that plaintiff was handcuffed and arrested and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff consented to his confinement.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34 of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff was arrested.

36. Deny the allegations set forth in paragraph "36" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether or not there was a warrant for plaintiff's arrest.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff was arrested and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was held in "the Precinct lockup, the courthouse lockup [and] the courtroom lockup, and others."

39. Deny the allegations set forth in paragraph "39" of the complaint except admit that plaintiff was released from police custody.

40. Deny the allegations set forth in paragraph "40" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was required to make court appearances in connection with any criminal charges brought against him.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint, except admit deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether plaintiff was arraigned.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether plaintiff sought medical attention or incurred any costs in connection with any such treatment.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether plaintiff incurred legal fees.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint except admit that a document purporting to be a Notice of Claim was received by the New York City's Comptroller's office on or about December 20, 2011 and that this action was filed on September 18, 2012 and respectfully refer the Court to this purported Notice of Claim for a recitation of its contents.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint except admit that a document purporting to be a Notice of Claim was received by the New York City's Comptroller's office on or about December 20, 2011 and that it has not been adjusted.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint except admit a 50-h hearing of the plaintiff did not go forward.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint except admit that this action was filed on September 18, 2012.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint and further states that the allegation that unidentified defendants were acting "under color of law" is a conclusion of law, not an averment of fact, to which no response is required.

58. Deny the allegations set forth in paragraph "58" of the complaint.

7

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complain.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint except knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether any force was used to effectuate plaintiff's arrest. .

65. Deny the allegations set forth in paragraph "65" of the complaint including the presumption that plaintiff was beaten and/or assaulted.

66. Deny the allegations set forth in paragraph "66" of the complaint including the presumption that plaintiff was beaten and/or assaulted..

67. Deny the allegations set forth in paragraph "67" of the complaint including the presumption that plaintiff was beaten and/or assaulted.

68. Deny the allegations set forth in paragraph "68" of the complaint including the presumption that plaintiff was beaten and/or assaulted..

69. Deny the allegations set forth in paragraph "69" of the complaint including the presumption that plaintiff was beaten and/or assaulted..

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the existence of a videotape, and whether unidentified officers cut away plaintiff's clothing, put on rubber gloves, took down plaintiff's pants, placed their hands placed their hands inside plaintiff's buttocks, searched plaintiff, and cut away plaintiff's clothing with a knife and/or scissors.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. In response to the allegations set forth in paragraph "79" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. In response to the allegations set forth in paragraph "83" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. In response to the allegations set forth in paragraph "86" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. In response to the allegations set forth in paragraph "90" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. In response to the allegations set forth in paragraph "94" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. In response to the allegations set forth in paragraph "98" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. In response to the allegations set forth in paragraph "106" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. In response to the allegations set forth in paragraph "109" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of their answer as if fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the complaint.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

111. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

112. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

113. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

114. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

115. There was probable cause for plaintiff's detention, arrest, and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

116. Punitive damages cannot be awarded against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

117. Plaintiff's claims may be barred, in part, by his failure to comply with the conditions precedent to suit including New York General Municipal Law §§ 50-e, h, i, and/or k.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

118. Plaintiff has failed to mitigate his alleged damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

119. There was reasonable suspicion, a warrant, consent, probable cause and/or reasonable suspicion for any stop, and/or search(es).

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

120. Plaintiff has not stated a viable claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

121. Any force that was used was reasonable, necessary and justified.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

122. The NYPD is not a suable entity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

123. Plaintiff provoked any incident.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         February 11, 2013

               MICHAEL A. CARDOZO
               Corporation Counsel of the
                 City of New York
               Attorney for Defendant City of New York
               100 Church Street
               New York, New York 10007
               (212) 442-6686

         By:        /s/
               Melissa Wachs
               Assistant Corporation Counsel

cc:  Bryan Swerling (Via ECF)
      *Attorney for the Plaintiff*

Docket No. 12-CV-4662 (FB)(SMG)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| BRIAN ANTHONY<br><br>                                        Plaintiff,<br><br>                    -against-<br><br>THE CITY OF NEW YORK, et al.<br><br><br>                                        Defendants. |
| **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street, Rm 3-310*<br>*New York, New York  10007*<br><br>*Of Counsel: Melissa Wachs*<br><br>*Tel:  (212) 442-6686* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.   ........................................, 2013*<br><br>*........................................................... Esq.*<br><br>*Attorney for ...........................................................* |