UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIAN ANTHONY,

                          Plaintiff,

             -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, WILLIAM PARKER, JOSE DIEGENNARO,
KELLY BUSBY, GARY ARONSON, and ANTONIO
HERNANDEZ,

                        Defendants.

JURY TRIAL DEMANDED

Civil Action No.: 12-CV-4662

**VERIFIED AMENDED
COMPLAINT**

     **BRIAN ANTHONY** ("Plaintiff"), by his attorneys, THE LAW OFFICE OF

BRYAN J. SWERLING, complaining of the defendants herein, respectfully shows to this

Court, and alleges as follows:

## PRELIMINARY STATEMENT

     1. This is an action for monetary damages (compensatory and punitive) against

defendant municipality, THE CITY OF NEW YORK (hereinafter referred to as "CITY"),

the defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as

"NYPD"), POLICE OFFICER WILLIAM PARKER (hereinafter referred to as

"PARKER"**),** POLICE SERGEANT JOSE DIEGENNARO(hereinafter referred to as

"DIEGENNARO"), SERGEANT KELLY BUSBY(hereinafter referred to as "BUSBY"),

POLICE OFFICER GARY ARONSON(hereinafter referred to as "ARONSON"), and

LIEUTENANT ANTONIO HERNANDEZ (hereinafter referred to as "HERNANDEZ")

hereinafter referred police officers of defendant CITY, who participated in the arrest,

detention and prosecution of plaintiff, arising out of the false arrest, excessive force,

assault, battery, illegal search and seizure, public body cavity search, violating the civil

rights of plaintiff, filing of false reports regarding and false imprisonment of plaintiff, and who caused personal injuries to the plaintiff.

2.  It is alleged that on October 11, 2011, at approximately 2:00 pm., and thereafter, officers PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, of the NYPD, and as agents, servants and/or employees of defendant CITY, acting in concert, under color of state laws, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment, detention, assault, battery, filing of false reports, excessive force, illegal search and seizure, and a public body cavity search, violating the civil rights of plaintiff, and personal injuries, for acts of which plaintiff was innocent.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and 1367(a), in that it alleges claims for relief arising under 42 U.S.C. 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York.

4.  Additionally, the Court has pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

5.  Venue is laid within the United States District Court for the Eastern District of New York and is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of this district or, in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## THE PARTIES

6.   At all times hereinafter mentioned, plaintiff was and is a citizen of the United States and at all times relevant hereto resided in the County of Queens, in the State of New York.

7.   At all times relevant and material herein, the defendant CITY was and still is a domestic municipal corporation and a subdivision of the State of New York, duly organized and existing pursuant to the Constitution and under and by virtue of the Laws of the State of New York.

8.   At all times relevant and material herein, the defendant NYPD was a subdivision, department or agency of defendant CITY.

9.   At all times relevant and material herein, the defendant PARKER was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

10.   At all times relevant and material herein, the defendant PARKER was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

11.   At all times relevant and material herein, the defendant DIEGENNARO was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD

3

and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

12.  At all times relevant and material herein, the defendant DIEGENNARO was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

13.  At all times relevant and material herein, the defendant BUSBY was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

14.  At all times relevant and material herein, the defendant BUSBY was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

15.  At all times relevant and material herein, the defendant ARONSON was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and

4

scope of his employment as such and in furtherance of the interests and business of said employer.

16.  At all times relevant and material herein, the defendant ARONSON was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

17.  At all times relevant and material herein, the defendant HERNANDEZ was an employee of defendant CITY, duly appointed and acting as a police officer in the NYPD and was an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

18.  At all times relevant and material herein, the defendant HERNANDEZ was a supervisory employee of, and an agent, servant and/or employee of defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

19.  At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant CITY and the State of New York.

## NOTICE OF CLAIM

20.  Within 90 days following the successful termination of the prosecution of plaintiff arising from this incident, plaintiff filed written Notice of Claim with defendant CITY.  This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

21.  At all times relevant and material herein, the defendant CITY operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

22.  At all times relevant and material herein, the defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ were each employees of the Police Department of the City of New York.

23.  At all times relevant and material herein, the defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ were personnel of the Police Department of the City of New York.

24. That at all times hereinafter mentioned and upon information and belief, the defendant CITY employed and supervised the defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ.

25. Upon information and belief, the defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ were graduates of the Police Academy of the City of New York.

6

26. At all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

27. In addition, at all times relevant hereto, the defendant CITY had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

28. At all times hereinafter mentioned, upon information and belief, the defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ were acting in their capacities as employees, agents or servants of the defendant CITY.

29. At all times hereinafter mentioned, the defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ were acting under color of law.

30. At all times hereinafter mentioned, the defendants' acts constituted state action.

31. At approximately 2:00 pm., on or about October 11, 2011, plaintiff was at or near Kissena Blvd. and 71st Avenue, City and State of New York, County of Queens.

32. Additionally, on or about October 11, 2011, the defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ were on duty and/or acting as

employees, agents or servants of the defendant CITY, and were also present at the same time and in the same place as plaintiff, as aforesaid.

33. On or about October 11, 2011, and thereafter, the defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, employees of defendant CITY, stopped, detained and arrested plaintiff, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest the plaintiff.

34. Upon information and belief, at all times herein mentioned, defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, employees of defendant CITY, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained and arrested plaintiff when it was not right, just , lawful, proper, or necessary to do so.

35. Upon information and belief, at all times herein mentioned, defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, employees of defendant CITY, detained, attacked, beat, battered, intimidated, kicked, threatened, menaced, chased, jumped on, pushed to the ground, thrashed plaintiff, conducted an illegal public body cavity search, and further assaulted plaintiff, causing him to sustain severe and personal injuries.

36. In addition to the defendants' willful and intentional attack upon plaintiff, the defendants intentionally held and restrained plaintiff without his consent.

37. Upon information and belief, at all times herein mentioned, defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, employees of defendant CITY, used excessive force and deadly physical force upon the plaintiff, thereby causing him to sustain severe and permanent injuries.

38.   Upon information and belief, at all times herein mentioned, defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, employees of defendant CITY, while acting in concert, maliciously and with intent to injure plaintiff, and without just cause or any right to do so, handcuffed, detained, jailed and restrained the plaintiff of his liberty, against the will of the plaintiff.

39.   Plaintiff was then arrested and/or caused to be arrested and charged with various crimes.

40.   The arrest of the plaintiff by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

41. Defendants acted maliciously and intentionally.

42. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in various places, including the Precinct lockup, the courthouse lockup, the courtroom lockup, and others.

43.   Eventually, the plaintiff was released from such confinement and detention.

44.   Thereafter, the plaintiff was forced to return to court, appearing in public, and before the public, as a defendant, a person accused of criminal acts of which the plaintiff was not guilty.

45. All charges were subsequently dismissed or otherwise disposed of.

46. All of the defendants' acts described in the preceding paragraphs were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

47. Upon information and belief, at all times herein mentioned, and without proof that plaintiff was in any way connected or related to a crime, or that any crime was, in fact, committed, and without reasonable suspicion to stop plaintiff, nor probable cause to detain or arrest plaintiff, defendant CITY's employees, including defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated a charge against the plaintiff and set it forth in a false and fabricated criminal complaint, falsely sworn to by either PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ.

48. The criminal complaint and reports, were and are false and fraudulent.

49. Based upon the false criminal complaint and complaint reports prepared, upon information and belief, by the defendant employees, the Criminal Court arraigned plaintiff on the above charges.

50. By reason of the foregoing acts by the defendants, as a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer continuous pain.

51. By reason of the foregoing acts by the defendants, plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

52. By reason of the foregoing, plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, plaintiff will necessarily incur similar expenses.

53. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts of the officers including the manner in which they assaulted, battered, attacked and falsely arrested him.

54. By reason of the foregoing, plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and upon information and belief, plaintiff will necessarily incur similar legal fees.

55. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the unreasonable search and seizure of his person and freedom from the use of excessive, unreasonable and unjustified force against a person.

## ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER STATE LAW

56. Before the commencement of this action, on or about December 20, 2011, or within the time mandated by law, a Notice of Claim containing the information required by law was duly served upon the defendant CITY OF NEW YORK.

57. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

58. The defendant CITY OF NEW YORK has not had an examination of plaintiff as was its right under the General Municipal Law, however has stipulated with Plaintiff that he may bring his claim without waiving their right to a 50-H hearing at another date.

59. This action is commenced within one year and ninety days after both the accrual of the causes of action alleged in this complaint and the happening of the incidents and acts complained of herein.

## FIRST CLAIM FOR RELIEF
## AGAINST INDIVIDUAL DEFENDANTS

### VIOLATION OF CIVIL RIGHTS AFFORDED BY
### 42 U.S.C. § 1983 and 42 U.S.C. §1985

60.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "59", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

61.    The defendants, acting in concert and under the color of law, have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable to plaintiff under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

62.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
### AGAINST INDIVIDUAL DEFENDANTS
### ASSAULT

63.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "62", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

64.    Upon approaching plaintiff and while in the process of handcuffing and arresting him, defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and

HERNANDEZ, employees of defendant CITY, while acting in concert, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

65.    Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the constitution.

66.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### THIRD CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANTS
BATTERY

67.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "66", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

68.    Defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, employees of defendant CITY, while acting in concert, assaulted, battered, beat, intimidated, kicked, threatened, menaced, chased, attacked, jumped on, pushed to the ground, thrashed, beat with nightsticks, punched, shoved and pushed the plaintiff.

69.    That the aforesaid conduct by defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ was without the consent of the plaintiff.

70.    That the aforesaid conduct by defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ was offensive in nature.

71.     That the aforesaid conduct by defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ was intentional.

72.     That the aforesaid conduct by defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ was with the intent of causing physical, emotional and/or psychological harm and/or other injuries to the plaintiff.

73.     Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the constitution.

74.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FOURTH CLAIM FOR RELIEF
ILLEGAL SEARCH AND SEIZURE UNDER THE 4TH AND 14TH AMENDMENTS

75. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "74", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

76. The defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, conducted an illegal search and seizure pursuant to the 4th and 14th Amendments.

77. Defendants subjected plaintiff to an illegal search and seizure under the 4th and 14th Amendments by publicly conducting a body cavity search. PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ humiliated Plaintiff by taking

down his pants in public, placing rubber gloves on their hands, placing their hands inside

Plaintiff's buttocks, searching the Plaintiff, and cutting away Plaintiff's clothing with a

knife and/or scissors. All of these acts of humiliation and invasiveness were conducted in

front of the owners of the premises and in front of patrons that were coming in and out of

the store. All acts of the aforementioned officers were recorded on the store's videotape.

78.   As a result of the foregoing, plaintiff suffered injuries including but not

limited to severe and permanent personal physical injuries, severe and permanent personal

emotional injuries, severe and permanent psychological injuries, anguish, distress,

humiliation, embarrassment, and lost earnings

## FIFTH CLAIM FOR RELIEF
AGAINST INDIVIDUAL DEFENDANTS
FALSE ARREST and FALSE IMPRISONMENT

79.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs "1" through "78", inclusive, of this Complaint, with the same force and effect as

though more fully set forth at length herein.

80.   The defendants arrested, detained and imprisoned plaintiff, without warrant,

even though they knew or should have known that he was wholly innocent of any crime.

81.   Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of

liberty without probable cause.

82.   As a result of the foregoing, plaintiff suffered injuries including but not

limited to severe and permanent personal physical injuries, severe and permanent personal

emotional injuries, severe and permanent psychological injuries, anguish, distress,

humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims

damages for the aforesaid injuries.

## SIXTH CLAIM FOR RELIEF
### AGAINST INDIVIDUAL DEFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "82", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

84.    Defendants' conduct, in assaulting, battering, conducting an illegal public body cavity search, and falsely arresting and imprisoning plaintiff was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

85.    Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

86.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SEVENTH CLAIM FOR RELIEF
### AGAINST INDIVIDUAL DEFENDANTS
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

87.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "86", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

88.    Defendants' conduct, in assaulting, battering, conducting an illegal public body cavity search, and falsely arresting and imprisoning plaintiff was careless and negligent as to the emotional health of plaintiff.

89.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## EIGHT CLAIM FOR RELIEF
### AGAINST INDIVIDUAL DEFENDANTS
### COMMON LAW NEGLIGENCE

90.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "89", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

91.    Defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ were negligent in their conduct, in causing, or allowing, the aforesaid occurrence to take place.

92.    Defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ, employees of defendant CITY, while acting in concert, negligently assaulted, battered, beat, intimidated, kicked, threatened, menaced, chased, attacked, jumped on, pushed to the ground, thrashed, beat with nightsticks, punched, conducted an illegal public body cavity search, shoved and pushed the plaintiff.

93.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### NINTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD
COMMON LAW NEGLIGENCE

94.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "93", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

95.    Defendant CITY was negligent in its operation, management, supervision and control of defendant NYPD.

96.    Defendants CITY and NYPD were negligent in its hiring, training and evaluating its agents, servants and employees, including but not limited to defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ.

97.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### TENTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD
*respondeat superior*

98.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "97", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

99.    Defendants CITY and NYPD are liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior*.

100.    Defendants CITY and NYPD, by their agents, servants and employees, subjected plaintiff to false arrest, assault, battery, false imprisonment, physical, emotional and psychological injuries, embarrassment, shame and public humiliation, loss of income, medical and legal expenses.

101.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### ELEVENTH CLAIM FOR RELIEF
MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

102.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "101", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

103.    Defendants CITY and NYPD knew or should have known of its employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

104.    Prior to October 11, 2011, defendants CITY and NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of plaintiff's rights.

105.    Upon information and belief, it was the policy and/or custom of defendants CITY and NYPD to improperly and inadequately investigate citizen and other complaints

of police misconduct, and acts of misconduct were instead tolerated by defendants CITY

and NYPD, including, but not limited to incidents where defendants and their supervisors

have in the past falsely arrested individuals without probable cause, improperly held and/or

detained such individuals without probable cause, and made, and allowed other fellow

police officers and others of its employees to make, false entries in official police

department records, and to issue false and fraudulent criminal complaints and accusatory

instruments, to cover up and hide their wrongful conduct.

106.    It was the policy and/or custom of defendants CITY and NYPD to fail to take

the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of

the individual defendants in this and in similar cases involving misconduct, thereby failing

to adequately discourage further constitutional violations on the part of its police officers.

Defendants CITY and NYPD did not require appropriate in-service training or re-training

of officers who were known to have engaged in police misconduct.

107.    As a result of the above described policies and/or customs, police officers of

the NYPD believed that their actions would not be properly monitored by supervisory

officers and that misconduct would not be investigated or sanctioned, but would be

tolerated.

108.    The above policies and/or customs demonstrated a deliberate indifference on

the part of policymakers of the defendants CITY and NYPD to the constitutional rights of

persons within the City of New York, and were the cause of the violations of plaintiff's

rights alleged herein.

109.    As a result of the foregoing, plaintiff suffered injuries including but not

limited to severe and permanent personal physical injuries, severe and permanent personal

emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## TWELTH CLAIM FOR RELIEF
UNREASONABLE AND EXCESSIVE FORCE
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

110.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "109", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

111.   By their conduct, defendants CITY, NYPD, PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ under color of law, deprived plaintiff of his constitutional right to be free from excessive and unreasonable force.

112.   Plaintiff claims damages for the injuries set forth above.


## THIRTEENTH CLAIM FOR RELIEF
DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT
WHILE IN CUSTODY

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983

113.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "112", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

114.   By their conduct and under color of law, defendants PARKER, DIEGENNARO, BUSBY, ARONSON, and HERNANDEZ deprived plaintiff of his constitutional right to immediate medical treatment and failed to protect him once he

became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering.

  **WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages on each Claim for Relief, and plaintiff demands an additional sum of punitive damages on each Claim for Relief, to be determined at the trial of this action and, in the event plaintiff is a prevailing party, attorneys' fees, interest, costs, disbursements and such other relief as to this Court shall seem just and proper.

### <u>DEMAND FOR A JURY TRIAL</u>

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated:  New York, New York
     October 17, 2013

       Yours, etc.,

       THE LAW OFFICE OF BRYAN J. SWERLING
       Attorneys for Plaintiff


       By:  Bryan J. Swerling
       150 Broadway, Suite 1600
       New York, New York 10038-4369
       Tel.:  (212) 571-5757

ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK) SS:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am the own the **LAW FIRM OF BRYAN J. SWERLING,** attorney for the plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiff, is because the plaintiff is not now within the County where deponent maintains his offices.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Conversations with plaintiff and a review of the file maintained at my offices on this matter.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
        October 17, 2013

_____
BRYAN J. SWERLING, ESQ.